EMIL WESTERBURG, Respondent, *v.* WACHENHEIM & HUFF, INC., Appellant.

(Supreme Court, Appellate Term, First Department, May, 1917.)

Evidence — when verdict and judgment in criminal action cannot be given in evidence in civil action — insurance (burglary)— damages — negligence — appeal.

> The verdict and judgment in a criminal action cannot be given in evidence in a civil action to establish the facts on which it was rendered.

> An application for a policy of burglary insurance prepared by defendant, containing a knowingly false statement that plaintiff had never theretofore suffered a loss from burglary, theft, or larceny, was rescinded and plaintiff's claim of loss from burglary subsequent to the date of the policy and within the period covered thereby was rejected on the ground of the said false statement. In an action to recover damages alleged to have been suffered by plaintiff because of the negligence of defendant, as plaintiff's agent, in procuring the policy of insurance, the reception in evidence over the objection and exception of defendant of an exemplified copy of the record of a competent court of jurisdiction in the state of New Jersey setting forth the conviction of certain persons, of which defendant herein was not one, for burglary committed on a certain date during the period covered by said policy of insurance at plaintiff's residence in the state of New Jersey, is error calling for the reversal of a judgment in favor of plaintiff, there being no competent or sufficient proof of plaintiff's loss of property by burglary during the term of the policy and, therefore, no competent proof that plaintiff had suffered damage through the alleged negligence of the defendant.

COHALAN, J., dissents.

APPEAL by defendant from a judgment of the City Court of the city of New York in favor of plaintiff.

Joseph L. Prager, for appellant.

William Otis Badger, Jr. (Louis J. Wolff, of counsel), for respondent.

GUY, J.   This action was brought to recover damages alleged to have been suffered by plaintiff because of defendant's negligence, as plaintiff's agent, in procuring a policy of burglary insurance, in that the application for said policy, prepared by defendant, contained a false statement that plaintiff had never theretofore suffered a loss from burglary, theft or larceny, which warranty, known by defendant to be false, was subsequently the ground upon which the insurance company rescinded the policy and rejected plaintiff's claim of loss.

Plaintiff had a summer home in New Jersey. Defendant is a corporation engaged in the business of insurance broker.   Prior to the transaction which forms the subject matter of this action, the defendant had procured other policies of insurance for plaintiff. On January 29, 1915, plaintiff had a conversation with the vice-president of the defendant at plaintiff's place of business in which plaintiff told said vice-president that he had just received a telephone notice to the effect that his summer home had been broken into; that said vice-president then urged plaintiff to take out a burglary policy, and subsequently by letter solicited plaintiff's order on behalf of the defendant, stating:   " Everything considered and especially in view of your past experience, it seems to me that coverage of this character at so small a premium is almost a necessity.".   In a subsequent conversation plaintiff told defendant's vice-president to go ahead and get a policy for him, and defendant thereafter obtained a policy for plaintiff for $1,000 in the Great Eastern Casualty Company and delivered same to plaintiff, which plaintiff placed in his desk without reading, and paid defendant therefor.   Plaintiff alleges that he sustained a loss by burglary subsequent to the date of the policy and within the period

covered thereby, and presented a claim therefor with proofs of loss, which claim was rejected by said casualty company and the policy rescinded on the ground that it contained a warranty that the assured had never suffered a loss from burglary, theft or larceny, which warranty was not true.

The main question on this appeal arises over the admission in evidence by the trial court, under objection and exception of defendant's counsel, of an exemplified copy of a record of a Court of Oyer and Terminer in New Jersey setting forth the conviction of certain defendants for burglary committed on February 12, 1915, during the period covered by the policy, at plaintiff's place of residence in New Jersey. This evidence was objected to as incompetent, irrelevant and not binding upon the defendant herein, the defendant not having been a party to said proceeding and not having received any notice thereof. The admission of said record was error necessitating a reversal of the judgment. While a judgment of a criminal court may be admissible in a proper case as evidence of the fact of the entry of the judgment, the record admitted was not evidence of the facts therein stated as against this defendant, which was not a party to the controversy determined in said court. It is elementary that no one should be bound by proceedings to which he was a stranger. The proceedings in the New Jersey court were *res. inter alios acta,* and defendant could not be bound thereby. "As a general rule a verdict and judgment in a criminal case * * * cannot be given in evidence in a civil action to establish the facts on which it was rendered. If the defendant was convicted it may have been upon the evidence of the very plaintiff in the civil action. * * * But beside this, and upon more general grounds, there is no mutuality; the parties are not the same, neither are

the rules of decision and the course of proceedings the same.'' 1 Greenl. Ev. § 537. See, also, *Louis* v. *Connecticut Mutual Life Ins. Co.,* 58 App. Div. 137; *Goldschmidt* v. *Mutual Lift Ins. Co.,* 102 N. Y. 486; *Buffalo Loan Trust & Safe Dep. Co.* v. *Knight T. & M. M. A. Assn.,* 126 id. 450.

In the absence of the evidence so erroneously admitted there was no competent or sufficient proof of plaintiff's loss of property by burglary during the term of said policy, and therefore, no competent proof of damage suffered by plaintiff through the alleged negligence of the defendant.

The judgment must, therefore, be reversed and a new trial ordered, with costs to appellant to abide the event.

DELEHANTY, J. concurs.

COHALAN, J. (dissenting). On January 27, 1915, plaintiff advised defendant that a burglary had been committed in his (plaintiff's) summer home at Mountain Lakes, N. J. Plaintiff thereupon visited his country house at that place, and upon investigation found the house in order excepting that three silver match boxes were missing from the chiffonnier therein. A day or so later he related the circumstances of this burglary to one Berthold, vice-president of the defendant corporation. As a result of the conversation, and the inquiry of Berthold, the plaintiff procured Berthold to procure for him a policy of burglary insurance upon plaintiff's premises at Mountain Lakes. The risk was assumed by the Great Eastern Casualty Company, and the policy went into effect on February 4, 1915.

Plaintiff's family went to the summer home on March 15, 1915, and upon arriving there it was discovered that a second burglary had occurred and that

articles of considerable value had been stolen from the premises. Plaintiff communicated the facts of the second burglary to Berthold, and the latter prepared schedules of the losses sustained. The schedules were submitted to the Great Eastern Casualty Company by Berthold. On May 7, 1915, the Great Eastern Casualty Company returned to the plaintiff the sum of fifteen dollars for the premium which the plaintiff had paid for the policy. In rescinding the policy and declaring it void, it stated: " Our grounds for this rescission are, that various statements in your application, in consideration of which the policy was issued, among others that assured had never suffered losses from burglary, theft, or larceny, were untrue."

The jury has found that the defendant was negligent; that the plaintiff was free from contributory negligence, and the appellant does not attack these findings. The appellant asserts as grounds for reversal that error was committed in receiving in evidence an exemplified copy of the record of conviction of one Dohle, who was indicted with others in Morris county, N. J., in May, 1915, for the crime of burglary, alleged to have been committed upon plaintiff's premises, on February 12, 1915. It is urged that this record of conviction was *res inter alios acta.* Ordinarily, a record of a judgment in a criminal proceeding is not admissible as evidence in a civil action. The record, however, was admissible in this case, and was competent to prove that a judgment was rendered in the county in which it was entered, convicting some one of the crime of burglary at the time and place recited in the indictment. The record was conclusive of the fact that such a judgment was rendered, and that all the legal consequences followed therefrom.

There was sufficient evidence in the case to support the finding of the jury that the burglary was com-

mitted within the term of the policy, and, therefore, even if it might be said that the record was inadmissible, it was cumulative evidence, and it may not now be held to have been prejudicial to the defendant, as the evidence without the judgment roll was sufficient.

The schedules made up by the plaintiff, and the defendant's vice-president, Berthold, were admissible, if for no other reason than that they were statements made by Berthold, binding upon his company, and were, therefore, an admission against interest.

There is no merit in defendant's contention that the plaintiff has not been damaged, because the insurance company waived any defect in the policy after having rescinded it as a valid and binding contract. Plaintiff's cause of action against the defendant became complete upon his receipt from the Great Eastern Casualty Company of its letter of May 7, 1915. At that moment the defendant's negligent act had brought about a situation wherein the plaintiff had been deprived of his right to be indemnified against loss by the Great Eastern Casualty Company. At that time the plaintiff had sustained the damages, on account of which this action was brought. No subsequent conduct by third parties in this tort action could be shown, except in mitigation of damages.

It is my view that the judgment should be affirmed with costs.

Judgment reversed and new trial ordered, with costs to appellant to abide event.